The Law Firm of Elias C. Schwartz, PLLC
343 Great Neck Road
Great Neck, New York 11021
Telephone: 516 487-0175
Facsimile: 516 773-7706

Elias C. Schwartz*
Michelle Englander*
Jennifer J. Bock
Lisa A. Schwartz*
Jessica H. Ferguson
Kimberly Jacobs◊•
Sarah R. Gilomer ◊
Nicholas A. Tantone
Elizabeth Tobio
Anna L. Loiselle

Of Counsel
Hon. Sandra L. Sgroi (Ret.)
Karen L. Kuncman

*Also Admitted in Florida
◊Also Admitted in New Jersey
•Also Admitted in Louisiana

October 25, 2024

**Via ECF**

Hon. Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

Re: *Noghreh, et al. v. Village of Kings Point, et al.*, Case No. 24-cv-07209-GRB-ST

Dear Judge Brown,

This firm has been retained by Defendants Daniel Kamali and Megan Kamali[1] (collectively, "*DK Defendants*") in connection with this matter. Through this letter, the DK Defendants respectfully set forth their opposition to the letter brief filed on October 19, 2024 by Plaintiffs Arman Noghreh and Mojdeh Noghreh (collectively, "*Plaintiffs*"), pursuant to this Court's Order dated October 15, 2024. We note that the DK Defendants have not been served with process in this matter, and they reserve their right to raise any jurisdictional defenses as may be appropriate should this Court determine that it has subject matter jurisdiction over Plaintiffs' claims.

Plaintiffs were directed to file a letter brief "setting forth specific facts and authorities that support the exercise of jurisdiction in this matter." Plaintiffs have ignored the Court's clear mandate, citing to only one authority in which subject matter jurisdiction was at issue, namely *Local 342, Long Island Pub. Serv. Emps., UMD, ILA, AFL-CIO v. Town Bd. of Huntington*, 31 F.3d 1191 (2d Cir. 1994). There, the Second Circuit affirmed the District Court's dismissal of the complaint due to lack of subject matter jurisdiction. *Id.* at 1192. Plaintiffs make no attempt to tie the over 30 authorities cited in their letter brief to the specific facts of this case because they cannot. Instead, Plaintiffs improperly attempt to litigate the issue of injunctive relief, which is not at issue, as the Court has already denied Plaintiffs' Order to Show Cause upon correctly determining that Plaintiffs can show no irreparable harm.

---

[1] Defendant Megan Kamali has been incorrectly sued herein as "Meghan" Kamali.

Florida Office • Schwartz & Englander, P.A. • 2114 North Flamingo Road #136 Pembroke Pines, FL 33028 • Telephone: 561 450-8501 • Facsimile: 561 450-8784

Hon. Gary Brown
October 25, 2024
Page 2

   Federal courts are courts of limited jurisdiction and "may not preside over cases if they lack subject matter jurisdiction." *Gamarra v. Paul*, No. 24-CV-6167, 2024 U.S. Dist. LEXIS 189176, *8 (E.D.N.Y. Oct. 17, 2024) (Brown, J.). Plaintiffs' Complaint alleges the existence of federal question jurisdiction under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 1983, 1985, and 1986. As the Second Circuit has recently reaffirmed, a cause of action "arises under federal law when federal law creates the cause of action asserted." *Sunvestment Energy Grp. NY 64 LLC v. Natl. Grid USA Servs. Co.*, Docket No. 23-1213, 16 F.4th 106, 2024 U.S. App. LEXIS 22690 at *15 (2d Cir. Sept. 6, 2024), citing *Gunn v. Minton*, 568 U.S. 251, 257 (2013). The presence or absence of federal question jurisdiction is "governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Gamarra*, 2024 U.S. Dist. LEXIS 189176 at *9, quoting *Whitehurst v. 1199 SEIU United Healthcare Workers E.*, 928 F.3d 201, 206 (2d Cir. 2019). Simply mentioning a federal statute is insufficient to invoke this Court's subject matter jurisdiction. *Gamarra*, 2024 U.S. Dist. LEXIS at *10. Yet that is all Plaintiffs do here, and that is simply not enough to bring the Complaint within the Court's jurisdiction.

   Although the Complaint is difficult to parse and fails to label any of the individual causes of action, Plaintiffs' First Cause of Action appears to allege taking of their property in violation of 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution. To the extent any of Plaintiffs' causes of action are brought pursuant to 42 U.S.C § 1983, they cannot be maintained against the DK Defendants, who are private citizens rather than state actors. Section 1983 "provides a right of action against any person who 'under color of' state law subjects another person to a 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Carlos v. Santos*, 123 F.3d 61, 64 (2d Cir. 1997), citing Section 1983.

   Even if the DK Defendants were state actors, the Court would lack jurisdiction over Plaintiffs' claims. A taking occurs when private property is taken for public use without just compensation. *Buffalo Teachers Fed. v. Tobe*, 464 F.3d 362, 373 (2d Cir. 2006). There are two types of takings: (i) physical takings, which occur "when the government physically takes possession of an interest in property for some public purpose"; and (ii) regulatory takings, such as "when the government bans certain uses of private property" or "limits the rent a landlord may charge tenants" or "prohibits landlords from evicting tenants from refusing to pay higher rents." *Id.* at 374.

   The Complaint alleges neither species of taking, instead alleging that due to an inaccurate survey, the DK Defendants are encroaching onto Plaintiffs' land by anywhere from three to four feet. *See* Complaint at ¶¶ 43, 83, 84. Again, the DK Defendants are not state actors, and nowhere do Plaintiffs allege that their land was taken for public use. Simply alleging that Defendant Daniel Kamali's mother, Defendant Sandy Kamali, is a member of the Village of Kings Point Architectural Review Board, does not convert the alleged encroachment by the DK Defendants into state action; otherwise, every person related to someone with a government job would be a state actor. Moreover, as Plaintiffs correctly allege, the DK Defendants, and not Sandy Kamali, own the DK Defendants' home, located at 238 Kings Point Road, Kings Point, New York. *See* Complaint at ¶¶ 35, 36. Thus, Plaintiffs' "taking" claim is nothing more than a garden variety boundary dispute between Plaintiffs and the DK Defendants. Boundary disputes are "a matter traditionally within the purview of state courts," and do not fall within the jurisdiction of a federal district court. *Simmons v. Wetherell*, 472 F.2d 509, 512 (2d Cir. 1973); *see also Gounden*

*v. Campagna*, 487 Fed. App'x. 624, 627 (2d Cir. 2012) (rejecting attempt to "recharacterize neighborhood property dispute as a series of constitutional injuries").

Plaintiffs' Second Cause of Action alleges a violation of due process under 42 U.S.C. § 1983, namely, that "Defendants never provided Plaintiffs with any meaningful notice and a pre-deprivation hearing before *threatening to take their property* or right to due process to be heard at an open meeting as prescribed by the open meetings law." Complaint ¶ 158 (emphasis added). First, for the reasons stated above, this claim cannot be alleged against the DK Defendants because they are not state actors and could have had no obligation to provide Plaintiffs with notice of a "threatened" taking that never occurred. Second, a violation of New York State's Open Meetings Law, codified at Article 7 of the Public Officers Law, plainly does not raise a federal question that may be litigated in this case. Indeed, § 107(1) of the Open Meetings Law provides for enforcement by way of a Civil Practice Law and Rules Article 78 proceeding in state court.

While there is a category of state law claims that confer federal question jurisdiction, none are raised by Plaintiffs' Second Cause of Action. State law claims conferring federal jurisdiction "must contain a federal issue that is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court." *Sunvestment Energy Grp.*, 2024 U.S. App. LEXIS at *15. "All four requirements must be met for federal jurisdiction to be proper." *Id.* Because Plaintiffs' Second Cause of Action alleges only a "threatened" taking (which taking never occurred) and a violation of New York State's Open Meetings Law, no federal issue is "necessarily raised." Therefore, the Court lacks jurisdiction over Plaintiffs' Second Cause of Action.

Similarly, Plaintiffs' equal protection claims cannot be asserted against private citizens such as the DK Defendants and therefore need not be addressed herein. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (observing Equal Protection Clause of Fourteenth Amendment "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws"); *Zaidi v. Amerada Hess Corp.*, 723 F. Supp. 2d 506, 518 n.3 (E.D.N.Y. 2010) ("purely private action" is not covered by equal protection clause).

Finally, Plaintiffs' allegation of a conspiracy under 42 U.S. § 1985, as alleged against the DK Defendants, must fail because, for the reasons set forth above, Plaintiffs have not alleged any actionable interference by the DK Defendants with any of Plaintiffs' cognizable federal rights. *R-Goshen LLC v. Vill. of Goshen*, 289 F. Supp. 2d 441, 455 (S.D.N.Y. 2003).

For all of the foregoing reasons, it is respectfully submitted that the Court lacks subject matter jurisdiction over Plaintiffs' claims as alleged against the DK Defendants. We thank the Court for this opportunity to be heard.

Respectfully yours,

*Elizabeth Tobio*

ELIZABETH TOBIO

Encls. (Copies of unreported cases cited herein)